# EXHIBIT A

**SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – FORM B - PAGE 2**

**Plaintiff or Plaintiff's Attorney Information:**

Name: Law Office of Matthew Rose

Address: 209 Main Street, Fort Lee, NJ, 07024

Telephone No.: (201) 482 - 8111

Andy Moran, Plaintiff(s)

versus

Penncro Associates, Inc., Defendant(s)

Demand Amount: $15000
Filing Fee: $50
Service Fee: $
Attorney's Fees: $
TOTAL: $15050

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**

HUDSON COUNTY

595 Newark Avenue
Jersey City, New Jersey 07306

(201) 795 - 6000

DC-021033-11

Docket No: _____ (to be provided by the court)

**Civil Action SUMMONS**

(Circle one): [X] Contract or [ ] Tort

**Defendant(s) Information: Name, Address & Phone:**

Penncro Associates, Inc.
PO Box 538, Oaks, PA 19456

Date Served: 10/07/2011

**RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)**

Docket Number: _____   Date: _____   Time: _____
WM__WF__BM__BF__OTHER__HT__WT__AGE__MUSTACHE__BEARD__GLASSES__
NAME: _____ RELATIONSHIP: _____
Description of Premises: _____

I hereby certify the above to be true and accurate:

_____ Court Officer

**RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)**

I, Ryan Murray, hereby certify that on 10/07/2011, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

_____ Employee Signature

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201) 482-8111 – Telephone ext. 136
(201) 482-8190 – Facsimile

## Out of State Certification

Yaakov Saks, of full age, hereby certifies as follows:

1. Defendant Penncro Associates, Inc. located at PO Box 538, Oaks, PA 19456.

2. Defendant Penncro Associates, Inc. does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 09/21/204    Signature: Yaakov Saks

FILED Sep 28, 2011

The Law Offices of Matthew E. Rose, Esq. P.C.
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201) 482-8111 – Telephone
(201) 482-8190 – Facsimile
Attorneys for Plaintiff
   Andy Moran

## SUPERIOR COURT OF NEW JERSEY
## LAW DIVISION SPECIAL CIVIL PART
## HUDSON COUNTY

| | |
|---|---|
| Andy Moran<br>Plaintiff, | |
| v. | Docket No. DC-021033-11<br><br>PLAINTIFF'S COMPLAINT |
| Penncro Associates, Inc.,<br>Defendant(s). | |

Yaakov Saks Esq.

Yaakov Saks, of full age, hereby certifies as follows:

## Complaint

1. This is an action under the **Fair Debt Collection Practices Act**, hereinafter "FDCPA," 15 U.S.C. § 1692(a) against debt collector Penncro Associates, Inc.

2. This is an action for invasion of privacy against defendant Penncro Associates, Inc.

## Parties

3. Plaintiff, Andy Moran, is an adult residing in Hudson County, New Jersey.

4. Defendant Penncro Associates, Inc. is located at PO Box 538, Oaks, PA 19456.

5. Defendant Penncro Associates, Inc. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

## Factual Allegations

7. Penncro Associates, Inc. attempted to collect a debt that falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. In its letter to Plaintiff, Penncro Associates, Inc. stated that Plaintiff's "account has been referred to" their office "for collection."

9. This language is intentionally ambiguous and deceptive and is intended to mislead regarding the current debt ownership status of FIA Card Services N.A., the original creditor.

10. Defendant Penncro Associates, Inc. is misrepresenting the amount owed, if indeed any debt exists.

11. In its letter to Plaintiff, Defendant Penncro Associates, Inc. listed a "minimum amount due," giving the misleading and false impression that Plaintiff could bring their account into good standing by paying the minimum amount.

12. Penncro Associates, Inc. repeatedly made harassing calls to Plaintiff during their collection efforts.

13. Plaintiff was caused mental suffering and shame as a result of receiving repeated and continuous harassing telephone calls from Penncro Associates, Inc.

## Claims for Relief

The FDCPA 15 U.S.C. § 1692j(a) states that it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. Penncro Associates, Inc.'s initial contact letter was written to obfuscate and to deceive the consumer as to whether FIA Card Services N.A. still owned this debt. The letter states that Plaintiff's "account

has been referred to" their office "for collection." Furthermore, the term "minimum amount due," also included in the letter, suggests that the account is still owned by FIA Card Services, N.A. and can be brought into good standing by paying the minimum amount listed. An average consumer, let alone the least sophisticated consumer, would be deceived by this letter, as was intended.

Additionally, Penncro Associates, Inc. is liable under FDCPA 15 U.S.C. § 1692e(2) for misrepresenting the amount owed on the alleged debt and for misleading Plaintiff to believe that he could bring his account into good standing by paying the "minimum amount due" listed in Penncro Associates, Inc.'s letter.

Penncro Associates, Inc. made harassing calls to Plaintiff during their collection efforts in violation of FDCPA 15 U.S.C. § 1692d(5).

Penncro Associates, Inc. invaded Plaintiff's right of privacy by placing repeated and continuous telephone calls to Plaintiff that would be considered highly offensive to a reasonable person. As a result of Penncro Associates, Inc.'s harassing communications, Plaintiff was caused shame, mental suffering, headaches and loss of sleep.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, and costs and attorneys fees. As a result of invading Plaintiff's privacy, Penncro Associates, Inc. is liable for actual damages.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $15,000 be entered against Defendants for the following:

A. Actual Damages resulting from the drop in Plaintiff's credit score, and Plaintiff's inability to continue Plaintiff's normal way of life.

B. Actual Damages resulting from Plaintiff's inability to gain credit.

C. Actual Damages resulting from a denial of a potential loan modification due to the negative credit reporting.

D. Actual damages in the form of emotional damages for the stress and anxiety placed upon Plaintiff as a result of Defendant's illegal collections.

E. Actual damages in the form of headaches, loss of sleep, shame, and mental suffering for the stress and anxiety suffered by Plaintiff from the invasion of Plaintiff's privacy.

F. Statutory Damages pursuant to 15 U.S.C. § 1692(k) up to $1000.

G. Filing and attorneys fees.

H. For such other and further relief as may be just and proper.

Respectfully submitted,

The Law Offices of Matthew E. Rose, Esq. P.C.
Attorneys for Plaintiff
Andy Moran
By: __Yaakov Saks__ September 19, 2011

Rule 4:51-1 Certification
    The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: __09/21/2011__   Signature: __Yaakov Saks__

# THE SUPERIOR COURT OF NEW JERSEY
### Law Division, Special Civil Part

# SUMMONS

### YOU ARE BEING SUED!

**IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.**

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. You are cautioned that if you do not answer the complaint, you may lose the case automatically, and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Answer the complaint.* An answer form is available at the Office of the Clerk of the Special Civil Part. The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $ **15.00**     filing fee with your answer and send a copy of the answer to the plaintiff's lawyer, or to the plaintiff if the plaintiff does not have a lawyer. Both of these steps must be done **within 35 days (including weekends)** from the date you were "served" (sent the complaint). That date is noted on the next page.

### AND/OR

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. You do not have to do this unless you want to. This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35 day period for filing an answer unless a written agreement is reached and filed with the court.

### AND/OR

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at ____**(201) 792-6363**____. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at ____**(201) 798-2727**____.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

La traducción al español se encuentra al dorso de esta página.

_[signature]_
Clerk of the Special Civil Part

34s – Summons and Return of Service Special Civil Part (except Landlord/Tenant and Small Claims) Appendix XI-A(1). Rev. 9/3/02  P3/07

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

## EL TRIBUNAL SUPERIOR DE NUEVA JERSEY
### División de Derecho, Parte Civil Especial

## NOTIFICACIÓN DE DEMANDA

### ¡LE ESTÁN HACIENDO JUICIO!

SI UD. QUIERE QUE EL TRIBUNAL VEA SU VERSIÓN DE ESTA CAUSA, TIENE QUE PRESENTAR UNA CONTESTACIÓN ESCRITA EN EL TRIBUNAL DENTRO DE UN PERÍODO DE 35 DÍAS O ES POSIBLE QUE EL TRIBUNAL DICTAMINE EN SU CONTRA. PARA LOS DETALLES, LEA TODA ESTA PÁGINA Y LA QUE SIGUE.

En la demanda adjunta, la persona que le está haciendo juicio (que se llama *el demandante*) da al juez su versión breve de los hechos del caso y la suma de dinero que alega que Ud. le debe. Se le advierte que si Ud. no contesta la demanda, es posible que pierda la causa automáticamente y el tribunal dé al demandante lo que pide más intereses y costas. Si se registra una decisión en su contra, es posible que un Oficial de la Parte Civil Especial (Special Civil Part Officer) embargue su dinero, salario o bienes muebles para pagar toda o parte de la adjudicación, y la adjudicación tiene 20 años de vigencia.

Usted puede escoger entre las siguientes opciones:

1. *Contestar la demanda.* Puede conseguir un formulario de contestación en la Oficina del Secretario de la Parte Civil Especial. El formulario de contestación le indica cómo responder por escrito a las alegaciones expuestas en la demanda. Si Ud. decide contestar, tiene que enviar su contestación a la derección del tribunal que figura en la página 2, pagar un gasto de iniciación de la demanda de $ 15.00     dólares y enviar una copia de la contestación al abogado del demandante, o al demandante si el demandante no tiene abogado. Tiene 35 días (que incluyen fines de semana) para hacer los trámites a partir de la fecha en que fue "notificado" (le enviaron la demanda). Esa fecha se anota en la página que sigue.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

2. *Resolver la disputa.* Posiblemente Ud. quiera comunicarse con el abogado del demandante, o el demandante si el demandante no tiene abogado, para resolver esta disputa. No tiene que hacerlo si no quiere. Esto puede evitar que se registre una adjudicación y puede ser que el demandante esté de acuerdo con aceptar un convenio de pago lo cual es algo que el juez no puede imponer. Negociaciones con el demandante o el abogado del demandante no suspenderán el término de 35 días para registrar una contestación a menos que se llegue a un acuerdo escrito que se registra en el tribunal.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

3. *Conseguir un abogado.* Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos comunicándose con Servicios Legales (Legal Services) al **(201) 792-6363**    . Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio de Abogados (Bar Association) de su condado local al **(201) 798-2727**    .

Si necesita un intérprete o alguna acomodación para un impedimento, tiene que notificárselo inmediatamente al tribunal.

Secretario de la Parte Civil Especial

34s – Summons and Return of Service Special Civil Part (except Landlord/Tenant and Small Claims) Appendix XI-A(1). Rev. 9/3/02  P3/07

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

## TRIAL ADJOURNMENT PROCEDURE
## FOR HUDSON COUNTY

Until further notice, the following procedure is to be followed when requesting an adjournment of a scheduled trial date in the Superior Court, Law Division Civil or Special Civil Part.

Any request for an adjournment in the Law Division Civil is to be made in writing or by FAX [(201) 217-5249], addressed to Antoinette Outwater, Civil Division Manager, attention Tracey Pignatelli, Trial Calendar Coordinator, 583 Newark Avenue, Jersey City, New Jersey, 07306. For a trial date scheduled in the Special Civil Part, the adjournment request is to be directed to Rupert Haller, Assistant Civil Division Manager, Special Civil, again in writing or by FAX [(201) 795-6053]. Requests are to include the following information:

   a) Name of case and docket number;
   b) Scheduled trial date;
   c) Name of party requesting the adjournment;
   d) The specific reason(s) for the adjournment; and
   e) A representation to the court that the requesting party has informed all other parties of the request for adjournment.

The party requesting the adjournment should first contact all adversaries advising them of the trial readiness problem and attempt to reach an agreement as to when all parties will be ready to proceed with the trial not later than 30 days after the date presently scheduled. This will require all involved persons to contact their respective clients and witnesses. The requesting party should advise in the letter requesting the adjournment that he/she has conversed with all other parties and that they have or have not consented to the adjournment request and/or have or have not agreed upon a new trial date.

No one should assume that the adjournment request will be granted. Adjournments shall be confirmed or denied by the court by telefax or telephone communication to the party who requested the adjournment. **For your information, your request for any adjournment will be initially acted upon by a court staff person. If you are aggrieved by the determination that is made, you should then request that your application be presented to the Presiding Judge for consideration. In that event, the Presiding Judge will make the ultimate decision on your adjournment request and you will be advised accordingly.** It shall then be the obligation of the requesting party to timely advise all other parties whether the adjournment request was granted or denied and, if granted, to advise of the new trial date fixed by the court.

**All requests for adjournments are to be made as soon as possible after receipt of the scheduled trial date. Except for those situations in which emergent problems arise at the last minute, no request for an adjournment will be entertained if received later than 12:00 noon on the Wednesday preceding the scheduled trial date.**

If an attorney is designated as trial counsel and is actually in trial elsewhere in the Superior Court, Hudson County will mark its case Aready hold≡, subject to counsel's trial availability. Likewise, if an attorney is designated as trial counsel and is scheduled for trial on an older case on the same day but in a different county, then Hudson County will mark its case Aready hold≡, subject to counsel's disposition of the older case.

Effective: May 2003 (revised 03/04/09)                    Peter Bariso, J.S.C.

DETACH THIS STUB AND
PEEL PLIES APART

$ 00.64
02 1M
0008002691
MAILED FROM ZIPCODE

RECEIVED
OCT 19 2011

HUD-DG-021033-11
PENNCRO ASSOCIATES INC.
P.O. BOX 538
OAKS          PA 19456

COURT OF NEW JERSEY
CIVIL PART
CTY ADMIN BLDG
RK AVE
TY NJ 07306-2394

Please notify
court
of disability
accommodation
needs